UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORP SERVICES, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:00-CV-1073 (CEJ) |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant Sun Life Assurance Company of Canada (Sun Life) has filed a motion to bifurcate the issues of liability and damages, including willfulness, for trial. Defendant also asks the Court to stay discovery on damages and willfulness until after a determination on the patent infringement claim brought by plaintiff Bancorp Services, LLC (Bancorp). Bancorp opposes the motion.

Bancorp is the holder of U.S. Patent No. 5,926,792 (the '792 patent), entitled "System for Managing a Stable Value Protected Investment Plan." Bancorp alleges that Sun Life willfully infringed the '792 patent and seeks treble damages under 35 U.S.C. § 284.

An infringer is exposed to increased damages if he or she fails to meet the affirmative duty to use due care in avoiding the infringement of another's patent rights. Jurgens v. CBK, Ltd., 80 F.3d 1566, 1571 (Fed. Cir. 1996). An infringer adequately performs this duty by determining that, for example, an asserted patent is invalid, that there is no infringement, or that the challenged

conduct is covered by licensing agreements. Id. The affirmative duty includes, *inter alia*, the duty to seek competent legal advice from counsel before the initiation of possibly infringing activity. Underwater Devices Inc. v. Morrison-Knudsen Co., Inc., 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). See also Amsted Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 181-82 (Fed. Cir. 1994) (duty entails obtaining the opinion of counsel before engaging in or continuing any potentially infringing activity) (quoting Spindelfabrik Suessen-Schurr, Staglecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft, 829 F.2d 1075, 1084 (Fed. Cir. 1987)). However, the absence of an opinion of counsel alone does not require a finding of willful infringement. Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1109 (Fed. Cir. 1986).

An accused infringer relying on advice of counsel to fend off a willful-infringement allegation waives the attorney-client privilege. The scope of that waiver may extend to all communications with counsel, see Smith v. Alyeska Pipeline Service Co., 538 F. Supp. 977, 979-80 (D. Del. 1982), or, indeed, to attorney work product. Mushroom Associates v. Monterey Mushrooms, Inc., 1992 WL 442892, 24 U.S.P.Q.2d 1767, 1770-71 (N.D. Cal. 1992). The accused infringer thus faces "a tough choice: claim the defense or claim the attorney-client privilege." Id. at 1770.

Defendant asserts that it faces just such a "tough choice." The Federal Circuit has suggested that the trial courts consider bifurcation as a solution to the problem of disclosure of the

advice of counsel. Johns Hopkins University v. Cellpro, 160 F.R.D. 30, 34 (D. Del. 1995).

> An accused infringer . . . should not . . be forced to choose between waiving the [attorney-client] privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera*, reveal that the defendant is indeed confronted with this dilemma.

Quantum Corporation v. Tandon Corporation, 940 F.2d 642, 644 (Fed. Cir. 1991).

Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement. F & G Scrolling Mouse, LLC v. IBM Corporation, 190 F.R.D. 385, 387 (M.D.N.C. 1999). The potential benefits of bifurcation must outweigh the potential detriment. Industrias Metalicas Marva, Inc. v. Lausell, 172 F.R.D. 1, 4 (D. Puerto Rico 1997). Defendant has offered to provide the written opinion of counsel it obtained to the Court for *in camera* inspection. The Court concludes that it cannot determine whether bifurcation is appropriate until it has reviewed the opinion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Sun Life shall, on or before May 1, 2006, deliver to the chambers of the undersigned a copy of the written opinion of counsel for *in camera* inspection.

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 14th day of April, 2006.