UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BANCORP SERVICES, L.L.C.,       )
                                )
            Plaintiff,          )
                                )
      vs.                       )   No. 4:00-CV-1073 (CEJ)
                                )
SUN LIFE ASSURANCE COMPANY      )
OF CANADA,                      )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

Before the Court are the motions of Analect, LLC, (Analect) to intervene and for a protective order to protect its confidential and proprietary information from disclosure. Plaintiff Bancorp Services, LLC (Bancorp) and defendant Sun Life Assurance Company of Canada (Sun Life) have filed responses and the issues are fully briefed.

**I.  Background**

Analect is a benefit finance company that, in conjunction with defendant Sun Life, provides stable value separate account Bank Owned Life Insurance (SVSA BOLI) products to financial institution policy holders. Under the terms of a confidentiality agreement dated September 8, 1999, Sun Life is required to keep confidential all information about Analect and its SVSA BOLI products. Sun Life also agreed to notify Analect in the event that it received a request to disclose such information.

Plaintiff Bancorp alleges in its complaint that defendant Sun Life's SVSA BOLI products infringe Bancorp's patent. In the course of discovery, Bancorp served Sun Life with a request for production

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of documents. Among the documents that Sun Life identified as potentially responsive are several containing Analect's confidential information. Sun Life accordingly notified Analect of Bancorp's request for production and withheld those documents for Analect's review. Negotiations among Analect, Bancorp, and Sun Life have failed to resolve the dispute.[1]

## II. Discussion

### A. Analect's Motion to Intervene

Bancorp opposes Analect's motion to intervene, asserting that Analect has failed to show that its interests will be impaired by the disclosure of its confidential information. Bancorp also asserts that Sun Life adequately represents Analect's interests.

The Federal Rules of Civil Procedure permit intervention as of right when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a)(2), Fed.R.Civ.P.

The Eighth Circuit has articulated the following test that an applicant for intervention must satisfy: (1) the party must have

---

[1] Bancorp has filed a motion to compel production of the documents directly from Sun Life. In addition, Bancorp issued a subpoena directly to Analect. Analect offered to produce, and Bancorp agreed to accept, some documents subject to an "Attorney's Eyes Only" designation; other documents were produced in template form. Bancorp nonetheless continues to seek production of the documents from Sun Life, under the terms of the existing protective order.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a recognized interest in the subject matter of the litigation; (2) that interest must be one that might be impaired by the disposition of the litigation; and (3) the interest must not be adequately protected by the existing parties.  <u>Mille Lacs Band of Chippewa Indians v. Minnesota</u>, 989 F.2d 994, 997 (8th Cir. 1993).  Courts construe Rule 24 liberally, and all doubts are to be resolved in favor of intervention.  <u>United States v. Union Elec. Co.</u>, 64 F.3d 1152, 1158 (8th Cir. 1995).

In order to establish a "recognized interest," the applicant must have an interest in the subject matter of the litigation that is "direct, substantial, and legally protectible."  <u>Id.</u> (quoting <u>Alameda Water & Sanitation Dist. v. Browner</u>, 9 F.3d 88, 90 (10th Cir. 1993)).  An applicant's interest in protecting trade secrets or confidential proprietary information is sufficient to satisfy this requirement for intervention.  <u>Armour of America v. United States</u>, 70 Fed. Cl. 240, 243-44 (Fed. Cl. 2006).

The second element "mandates a showing that the interest holder be injured in a practical sense."  <u>Id.</u> at 244 (quoting 6 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 24.03[3][a] (3d ed. 2005)).  The loss of trade secrets or proprietary information "undoubtedly constitutes a practical injury."  <u>Id.</u>  Here, Bancorp is a direct competitor of Analect and Analect would be harmed by allowing the officers and employees of Bancorp to have access to its proprietary information.

Persons seeking intervention carry a "minimal" burden of showing that their interests are inadequately represented by the

-3-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

existing parties. Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972). The burden is on those opposing intervention to show that representation for the absentee is inadequate. Armour, 70 Fed. Cl. at 425. Sun Life and Analect have overlapping, but less than identical, interests in protecting Analect's confidential information and the Court concludes that Analect has met its burden on this factor. Accordingly, the Court will grant Analect's motion to intervene.

**B. Analect's Motion for Protective Order**

Analect reviewed the documents that Sun Life identified as potentially responsive to Bancorp's document request and separated them into three categories: (1) documents that Analect does not object to Sun Life producing; (2) documents that Analect does not object to Sun Life producing subject to an "Attorney's Eyes Only" designation or in a "template" form; and (3) seven documents[2] that Analect objects to Sun Life producing under any circumstances.

The Federal Rules of Civil Procedure contemplate liberal discovery, in the interest of just and complete resolution of disputes. Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993). See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984) (the "sole" purpose of liberal pretrial discovery is to assist "in the preparation and trial, or the settlement, of litigated disputes"). However, "[i]t is clear

---

[2]Analect initially identified eighteen documents in this category. During the briefing of this motion, Analect continued to review the documents and reduced to seven the number of items it seeks to withhold altogether.

-4-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from experience that pretrial discovery . . . has a significant potential for abuse." Id. In addition to matters of delay and expense, liberal discovery "may seriously implicate privacy interests of litigants and third parties." Id. at 34-35. Accordingly, Rule 26 provides a mechanism by which litigants and non-parties may seek a protective order. Id. at 35 ("The Rules do not . . . apply only to the parties to the litigation, as relevant information in the hands of third parties may be subject to discovery.") As relevant to this dispute, a court may, "for good cause shown," enter an order "that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." Rule 26(c)(7).

The Court first addresses Bancorp's argument that Analect's motion for protective order should be denied because Analect did not comply with the "meet and confer" requirements of Local Rule 3.04. As Bancorp acknowledges, Bancorp and Analect held two telephone conferences and conducted extensive and detailed correspondence. Bancorp's assertion thus is flatly refuted by the record.

The existing protective order in this case does not provide an "Attorney's Eyes Only" designation, and Sun Life has repeatedly objected to this omission. Bancorp argues that Analect's request for the designation on its own behalf "merely recycles Sun Life's failed arguments" and therefore should be denied. As noted above, Sun Life and Analect do not have identical interests. Furthermore, in weighing the burdens imposed by discovery, the Court affords

-5-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

additional consideration to non-parties.  <u>Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.</u>, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (non-party status is considered in weighing the burdens imposed in providing discovery).  "[T]he status of a person as a non-party is a factor that weighs against disclosure." <u>American Elec. Power Co., Inc. v. United States</u>, 191 F.R.D. 132, 136 (S.D. Ohio, 1999).  Thus, Analect is entitled to seek additional protection for its confidential information, without regard to Sun Life's success or failure in seeking the same.

Restrictions on information supplied to competitors are not unusual.  <u>See</u> <u>Federal Open Market Committee of Federal Reserve System v. Merrill</u>, 443 U.S. 340, 362 n.25 (1979) ("[O]rders forbidding any disclosure of trade secrets or confidential commercial information are rare.  More commonly, the trial court will enter a protective order restricting disclosure to counsel"). Bancorp objects that the proposed protective order permits Analect to make its own designations regarding what material is confidential.  This is a standard provision of most protective orders.  Analect's proposed order provides a mechanism for challenging such designations and thus the interests of all concerned parties are adequately balanced.  The Court finds that the proposed "Attorney's Eyes Only" designation is appropriate to those Analect documents in Sun Life's possession that are responsive to Bancorp's document request.

Analect has identified three categories of documents which it proposes to release solely in "template" or "illustrative" form.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

These are: (1) administrative reports generated in connection with SVSA BOLI policies; (2) service fee schedules showing Analect's fee terms with particular customers; and (3) policy illustrations showing the terms under which proposed policies could be offered. Analect asserts that Sun Life has identified in each category numerous potentially responsive documents that contain the same information with respect to different clients. As Bancorp notes, however, in this instance, Analect's customers are also Sun Life's customers. Bancorp contends that information contained in the SVSA reports, service fee schedules and policy illustrations is relevant to its liability case and the calculation damages. The Court agrees that templates and illustrations will not suffice and will direct Analect to produce the documents, subject to an "Attorney's Eyes Only" designation.

Finally, Analect has identified seven documents it seeks to withhold altogether, as highly confidential and irrelevant to the parties' dispute. Six of the documents involve Analect's capitalization and one is a privileged document prepared by its counsel. The Court will not require production of these documents.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of non-party Analect, LLC, for leave to intervene [#146] is **granted**.

**IT IS FURTHER ORDERED** that the motion of non-party Analect, LLC, for protective order [#148] is **granted in part and denied in part**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Analect, LLC, shall submit, no later than **September 22, 2006,** a draft protective order consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Bancorp shall, no later than **September 18, 2006**, show cause in writing why the seal should not be lifted on its memorandum in opposition to Analect's motion to compel [#161].

```
                                  _____
                                  CAROL E. JACKSON
                                  UNITED STATES DISTRICT JUDGE
```

Dated this 11th day of September 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com