UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORP SERVICES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:00-CV-1073 (CEJ) |
| ) | |
| SUN LIFE ASSURANCE COMPANY ) | |
| OF CANADA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on plaintiff's motion to compel production of documents. Defendant has filed a memorandum in opposition to the motion, and the issues are fully briefed.

Plaintiff asks the Court to compel defendant to produce the following categories of documents contained in its first request for production:

1. Information relating to defendant's administration and management of SVP BOLI products, including documentation of defendant's administration system and reports generated through defendant's SVP BOLI administration.

2. SVP BOLI policy reports provided to policy holders and other policy documentation.

3. Information regarding the marketing, advertising and promoting of SVP BOLI products by defendant.

4. Information regarding defendant's sales of SVP BOLI products and policies, including but not limited to pricing, quantity of sales, purchasers, beneficiaries, profits, revenues, costs, risks associated with offering policies for sale, and the dollar amount of insurance premiums administered, brokered, managed, or marketed.

5. Information, communications, and reports regarding any SVP BOLI products, including but not limited to business plans, allocation of fees, accounting reports, market studies, marketing reports, market analysis or forecasts, research and development, testing and audited financial reports.

6. Defendant's internal communications or unprivileged communications with any third party and experts regarding the '792 patent, its validity and enforceability, defendant's

potential or actual infringement of the '792 patent, and any prior art or prior art searches relevant to the '792 patent.

Defendant contends that it is precluded from producing many of the documents plaintiff seeks by virtue of a confidentiality agreement between defendant and third-party Analect, LLC. The Court has entered a protective order governing Analect's confidential material and this objection to production is now moot. Defendant additionally withheld some documents in reliance upon its motion to bifurcate the issues of damages and willfulness. The Court has denied defendant's bifurcation motion and this objection is also moot. Defendant finally argues that its delay in producing documents is justified because plaintiff has been equally recalcitrant in responding to discovery requests. The Court previously granted defendant's motion to compel and this argument, too, is moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel production of documents [#118] is **granted**.

**IT IS FURTHER ORDERED** that defendant shall produce documents responsive to plaintiff's first request for production of documents not later than **March 14, 2007**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.