UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORP SERVICES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:00-CV-1073 (CEJ) |
| ) | |
| SUN LIFE ASSURANCE COMPANY ) | |
| OF CANADA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on defendant's motion for a protective order to prevent disclosure of its confidential information to plaintiff's designated expert. Plaintiff has filed an opposition to the motion and the issues are fully briefed.

The protective order entered in this matter allows a party to object to the opposing party's designation of an expert witness "on the basis that, whether due to his current employment or consulting engagements or otherwise, the proposed expert will likely use or disclose the Confidential Information in a manner not otherwise allowed by [the Protective] Order." ¶ 4.7, Protective Order (Oct. 31, 2001) [Doc. #52].

Plaintiff designated Arthur C. Eddy as a consulting expert. According to his resume, Mr. Eddy is a fellow of the Society of Actuaries and a charter member of the American Academy of Actuaries. His relevant expertise includes designing COLI and BOLI products and the associated administrative systems. He is also a co-inventor of a patented method of computerized administration of life insurance plans.

Defendant objects to Mr. Eddy's designation as an expert with access to confidential material because he acts as a consultant to J.P. Morgan Chase, whom defendant identifies as a competitor in the stable value life insurance market. In a separately signed declaration, Mr. Eddy states that, in 2005 and 2006, he computed for J.P. Morgan Chase the present value of liabilities under two deferred compensation plans. He has also "occasionally" recomputed the present value of liabilities of these plans based on different publicly available yield curves. Mr. Eddy states that his work for J.P. Morgan Chase does not involve BOLI, SVP BOLI or any other type of insurance product. Other than preparing an annual report, Mr. Eddy does not communicate with any J.P. Morgan Chase employees. On August 8, 2006, Mr. Eddy signed a confidentiality agreement in which he agreed to be bound by the terms of the Protective Order in this matter and would not use or disclose to others any confidential information; failure to abide by the Protective Order would subject him to sanctions.

Defendant cites the following cases to support its contention that it is entitled to bar disclosure of its confidential information to Mr. Eddy: In <u>BASF Corp. v. United States</u>, 321 F. Supp. 2d 1373 (Ct. Int'l Tr. 2004), defendant selected as an expert a consultant to one of plaintiff's competitors in the same field. Similarly, in <u>Digital Equipment Corp. v. Micro Technology, Inc.</u>, 142 F.R.D. 488 (D. Colo. 1992), the defendant sought to designate an expert who was separately retained by <u>defendant</u> as a consultant in the field in which the parties competed.

-2-

Defendant argues that there is a risk that Mr. Eddy will inadvertently disclose confidential information to its competitor, J.P. Morgan Chase. In contrast with the experts at issue in BASF and Micro, Mr. Eddy consults to J.P. Morgan Chase regarding matters in which stable value products are not relevant. Thus, this is not a situation in which, in order to perform his commitment to J.P. Morgan Chase, Mr. Eddy will be required to "unlearn" what he has learned from defendant's confidential material. See Micro, 142 F.R.D. at 492. Defendant has failed to demonstrate that Mr. Eddy "will likely use or disclose the Confidential Information in a manner not otherwise allowed by [the Protective] Order."

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for protective order to prevent disclosure of confidential information to Arthur C. Eddy [#168] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.