UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORP SERVICES, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:00-CV-1073 (CEJ) ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Bancorp Services, LLC, (Bancorp) to "de-designate" certain documents under a protective order and to modify the terms of the protective order. Intervenor and nonparty Analect, LLC, (Analect) has filed a response to the motion and the issues are fully briefed.

**I.  Background**

Analect is a benefit finance company that, in conjunction with defendant Sun Life, provides stable value separate account Bank Owned Life Insurance (SVSA BOLI) products to financial institution policy holders. Plaintiff Bancorp alleges that defendant Sun Life's SVSA BOLI products infringe Bancorp's patent.

A protective order entered on October 31, 2001, established procedures for handling the parties' "Confidential" material. On October 17, 2006, the Court modified the original protective order in this case to include an "Outside Attorney's Eyes Only" designation for "items [that] contain Analect's confidential information and could be used to the economic or competitive

detriment of Analect." See Protective Order at ¶ 2, Doc. #184 (Oct. 17, 2006). In a related order, the Court directed Analect to produce three categories of documents subject to the "Outside Attorney's Eyes Only" designation:[1] (1) administrative reports generated in connection with SVSA BOLI policies; (2) service fee schedules showing Analect's fee terms with particular customers; and (3) policy illustrations showing the terms under which proposed policies could be offered. See Memorandum and Order, Doc. #178 (Sept. 11, 2006).

After the Court entered the modification to the protective order, Sun Life produced a number of documents under the "Outside Attorney's Eyes Only" designation. In addition, Sun Life invoked the protective order to exclude Bancorp executives from portions of a deposition.[2] Thereafter, Analect designated portions of the deposition transcript as "Outside Attorney's Eyes Only."

## II. Discussion

Bancorp argues that Sun Life is making improper "backdoor" use of the "Attorney's Eyes Only" protection afforded to Analect's confidential information to shield its own client information.

---

[1] Analect had proposed to release these documents in template or illustrative form only. Bancorp argued that the documents were relevant to its liability case and the calculation of damages. The Court agreed that templates and illustrations would not suffice.

[2] On April 18, 2007, Bancorp took the deposition of Sun Life consultant John Scanlon. Bancorp's representatives were excluded from significant portions of Scanlon's deposition and decided not to attend the April 19th deposition of Sun Life employee Christopher Lombardi.

Bancorp asks the Court to change the designation on many documents and to "clarify" the protective order.

**<u>Designated Documents</u>**

Bancorp acknowledges that many of the documents it asserts are improperly designated fall within one of the categories the Court directed Analect to produce under the "Outside Attorney's Eyes Only" designation. Bancorp argues that it is now evident that the documents contain information about <u>Sun Life's</u> clients. Bancorp does not contest Analect's assertion that the clients of Sun Life are also Analect's clients. Rather, Bancorp argues that Analect should not be allowed to assert a higher level of protection for client information than that available to Sun Life for the same information. Bancorp's argument is a variation on the position it took in opposition to Analect's request to modify the protective order in the first instance. Bancorp has not identified any prejudice arising from counsel's inability to share these documents with Bancorp executives and its request to change the designation of documents on this basis will be denied.

Bancorp also contends that the "Attorney's Eyes Only" designation has been applied inconsistently. For instance, Sun Life previously produced client lists, fee schedules, and Monthly Policy Value reports with only a "Confidential" designation. In addition, Sun Life did not exclude Bancorp executives from a deposition of third-party administrator, Andesa TPA, Inc., during discussion of material that Analect now asserts is highly confidential. Analect has not retroactively designated the

-3-

previously disclosed documents or any portion of the Andesa deposition. Bancorp argues that Analect should not be permitted to "harass" it by designating the information that Sun Life previously disclosed at a higher level of protection. Bancorp must show that <u>Analect's</u> designations of its confidential material were not undertaken in good faith. It has not made the required showing and is not entitled to the relief it seeks.

Bancorp argues that Analect should be required to offer individual justifications for every document it has designated. Analect previously offered to provide detailed explanations of specific documents if identified by Bancorp. Letter dated May 10, 2007 [Doc. #255, Ex. I]. Bancorp rejects that suggestion, citing as support <u>Cipollone v. Liggett Group, Inc.</u> 785 F.2d 1108, 1122 (3rd Cir. 1986). The Third Circuit stated that the burden of justifying the confidentiality of each and every document remains on the party seeking confidentiality. <u>Id.</u>

> That does not mean, however, that the party seeking the protective order must necessarily demonstrate . . . on a document-by-document basis that each item should be protected. It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order . . . [which] would initially protect all documents that the producing party designated in good faith as confidential. After the documents [were] delivered under this umbrella order, the opposing party could indicate precisely which documents it believed to be not confidential, and the movant would have the burden of justifying the protective order with respect to those documents. The burden of proof would be at all times on the movant; only the burden of raising the issue with respect to certain documents would shift to the other party.

<u>Id.</u>  The Court believes that this approach is appropriate and will not require Analect to provide individual justifications for every designation of confidential material.

**<u>Bancorp's Request to Modify the Protective Order</u>**

Bancorp asks the Court to modify the Analect protective order to: (1) require counsel for Analect to attend depositions at which it intends to exclude Bancorp executives or designate any testimony as "Outside Attorney's Eyes Only"; (2) require Analect to designate documents as "Outside Attorney's Eyes Only" before depositions; and (3) prevent Analect from designating information already produced in other documents.  The Court addresses each in turn.

Analect reports that, before each scheduled deposition, its counsel informs counsel for Sun Life when to invoke the protective order.  This was the procedure used with the Scanlon deposition. Bancorp contends that counsel for Analect should personally attend each deposition to give specific justification for its invocation of the protective order.  Analect protests that personal appearances would impose a significant financial burden on a nonparty.  Based upon its review of the Scanlon deposition, the Court does not believe that the personal attendance of counsel for Analect would be productive.

Bancorp asserts that Analect should be required to designate documents as "Attorney's Eyes Only" prior to depositions.  Bancorp may ask Analect to review a timely-provided list of documents before a scheduled deposition, but the Court is not prepared at

this time to alter the Protective Order to require prior designation.

Bancorp complains that Sun Life invoked Analect's protective order to exclude Bancorp executives from the Scanlon deposition during the discussion of documents that Sun Life previously disclosed without the "Attorney's Eyes Only" designation. For the reasons discussed above with regard to the designation of the documents themselves, the Court declines to modify the protective order to prevent exclusion of Bancorp executives during discussion of previously disclosed documents.

Bancorp further argues that the protective order should be modified to exclude from the scope of protection any document which contain the identities of Sun Life clients, the fees charged to those clients, and other information about policy holders. For the reasons already discussed, the Court declines to make the requested modification.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dedesignate certain documents and for clarification [Doc. #245] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2008.