UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORP SERVICES, L.L.C., )<br>)<br>Plaintiff )<br>)<br>v. )<br>) CASE NO. 00-CV-1073 (CEJ)<br>SUN LIFE ASSURANCE COMPANY OF )<br>CANADA (U.S.), )<br>)<br>Defendant. )<br>) | |

## BANCORP'S OPPOSITION TO SUN LIFE'S MOTION TO STAY

Sun Life's efforts to further delay the timely resolution of this action, which has been pending for more than a decade, should be rejected. In February 2010, the Court granted a temporary stay of this litigation in anticipation of the Supreme Court's decision in *Bilski v. Kappos*. At the time, it was contemplated that the *Bilski* decision would supplant, and potentially even radically revise, the standard established by the Federal Circuit for assessing patentability of process claims under § 101, upon which Sun Life's motion was based. It was in this unique procedural posture that the Court stayed this litigation. *Bilski* was decided on June 28, 2010. The Supreme Court decision reversed the Federal Circuit opinion that was the lynchpin of Sun Life's motion.

Nevertheless, Sun Life seeks an additional stay of litigation merely because it has now filed a motion for summary judgment two months after *Bilski* that purports to apply the Supreme Court's decision. But Sun Life is not entitled to a stay simply because it files a motion for summary judgment. There is no Supreme Court case the parties and Court are waiting for. Instead, this case is no different from any other case in which a dispositive motion is pending. As with most other patent infringement suits, the interests of justice and efficiency support

conducting claims construction and additional discovery before responsive briefing and determination of summary judgment are completed.  Sun Life seeks to flip the ordinary course of litigation by staying all other proceedings until its motion for summary judgment is decided, thereby depriving Bancorp of discovery and trial in timely manner.  Bancorp respectfully requests that Sun Life not be permitted to so derail this case, and that the Court deny the request for an additional stay.

### Background

This action was originally filed on June 30, 2000.  In its February 4, 2010 Order (Docket No. 361), the Court stayed this action pending the Supreme Court's determination in *Bilski v. Kappos*, a case Sun Life claimed was potentially dispositive and fundamental to Sun Life's motion for summary judgment.  *Id*.  Two months after *Bilski* was decided, on August 24, 2010, Sun Life filed another motion for summary judgment that relies primarily on the same authority and arguments as its previous motion for summary judgment filed before the Supreme Court's opinion in *Bilski* and raises a number of disputed claim construction issues.

Prior to the stay, the parties completed claim construction briefing, and the claim construction hearing was originally scheduled for February 22, 2010.  (Docket No. 358).  Indeed, if the case is not stayed, the parties agree that the claim construction should take place on or after November 1, 2010.  The parties have also agreed that they would be able to complete discovery by March 4, 2011, and anticipate that this case would be ready for trial on or around July 25, 2011.  (Docket No. 362).

### Argument

"In considering a motion for a stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties."  *Toppins v. 3M Co.*, No. 4:05-CV-1356 ERW, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006) (stay requested pending motion

for consolidation).  The moving party bears the burden of demonstrating that the requested delay in the proceedings is necessary to ensure the fair and efficient disposition of the cause of action. *See Landis v. N. Am. Co.*, 288 U.S. 248, 255 (1936); *see also Regalo Int'l LLC v. DEX Prods.*, No. 08-4206 ADM/AJB, 2009 WL 2951107, at *1-2 (D. Minn. Sept. 9, 2009).  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 288 U.S. at 255.  Here, Bancorp has been trying to obtain relief from Sun Life's infringement for over ten years.  Further delay is prejudicial and unwarranted.  The Court should deny Sun Life's request for a further stay of this case.

## I.   THE INTERESTS OF FAIR ADJUDICATION AND JUDICIAL ECONOMY DO NOT SUPPORT A FURTHER STAY

Sun Life has not demonstrated that a stay would significantly "simplify the issues in the litigation" or facilitate preparation or presentation of this case at trial.  *See Regalo*, 2009 WL 2951107, at *1-2.  To the contrary, a stay does nothing more than delay the efficient process of discovery and engender further unnecessary costs for supplementation as existing discovery becomes stale.  Indeed, the parties are presently grappling with this very issue in meet and confer negotiations, wherein Sun Life has agreed to review and supplement many of its out-dated written discovery responses pursuant to Rule 26(e).  (Shelton Decl. Ex. A (Aug. 25, 2010 Ltr. from I. Shelton to K. Littman).)

Similarly, no efficiencies are gained by further delaying claim construction.  It is facially evident from Sun Life's Memorandum of Points and Authorities that its Motion for Summary Judgment requires substantial claim construction, including the meaning of terms such as "policy generator" and "fee calculator." (*See, e.g.*, Docket No. 336 at 58-61; Docket No. 338 at 59-60; Docket No. 351 at 35-36).  Indeed, in its present Motion, Sun Life admits that the Court will

likely have to engage in substantial claim construction to decide whether certain claims should be construed to include "one or more computers" prior to deciding the motion for summary judgment. (Docket No. 368 at 2; *see also* Docket No. 356). Previously, Sun Life similarly acknowledged that the patentability issues presented in this case would require, and would be most efficiently done in conjunction with, claim construction. (*See* Docket No. 357 at 4) (arguing that a stay pending a decision by the Supreme Court in *Bilski* allowed "the Court to consider claim construction and patent eligibility at the same time," which would be an "efficient procedure for the Court and parties"). Sun Life also previously sought and obtained case schedules that provided for claim construction prior to motions for summary judgment.

Sun Life's only argument in support of the requested stay is that its motion for summary judgment <u>may</u> moot some of the claim construction issues and discovery requirements in this case. But this argument would apply to any case where the defendant believes that its dispositive motion will be successful. That alone cannot justify a stay of proceedings.

## II.     **THE PREVIOUS STAY IS IRRELEVANT TO SUN LIFE'S CURRENT REQUEST**

The current procedural posture is also markedly different from that which faced the Court in February when it initially decided to stay the action. At that time, the Supreme Court was reviewing *Bilski*, and the parties and Court reasonably believed that its decision could impose a substantially different or completely new standard for evaluating patentability. There was a significant possibility that the Supreme Court's decision could have affected the parties' claims construction and validity arguments as well as the basic trajectory and scope of discovery. It would almost certainly have required the Court to reconsider any disposition it made on summary judgment.

No such situation exists today. There is no reason why this Court cannot evaluate Sun Life's motion for summary judgment under the current legal standards. In sum, there is no ambiguity or uncertainty in the law, or any other condition, that would jeopardize the efficacy of the Court's adjudication of this case including its determination of summary judgment proceedings. Under these conditions, a stay is almost certain to impede rather than facilitate the fair and expeditious resolution of this case.

### III.    A STAY WOULD PREJUDICE BANCORP

A stay will also unfairly prejudice Bancorp, which has been awaiting a declaration of its rights against Sun Life for over a decade. Sun Life has been willfully infringing Bancorp's intellectual property unabated for several years, and Bancorp is entitled to timely relief for Sun Life's infringement.

The substantial inefficiency engendered by the delays in adjudication are evident in the parties' current predicament. The passage of time has rendered much of the parties' formal and informal discovery stale or moot, requiring the investment of additional resources to conduct what amounts to essentially duplicative discovery. Moreover, delayed adjudication results in extra time and resources being wasted as the parties, counsel, experts, and the Court have to re-familiarize themselves with the proceedings.

The additional interruption in litigation that would be caused by Sun Life's proposed further stay is fundamentally unfair to Bancorp, particularly in light of Sun Life's unexplained and unjustified delay in filing both motions for summary judgment. *See Regalo*, 2009 WL 2951107, at *2 ("[C]ourts have denied motions to stay when 'there is an inexplicable or unjustified delay in seeking reexamination' or when it appears that a stay 'will serve simply to delay proceedings.'") (quoting *EcoLab Inc. v. FMC Corp.,* No. 05-CV-831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007)). Sun Life previously waited months after the Supreme Court

decided to review *Bilski*, and even a longer period after the Federal Circuit's *Bilski* decision, to file its first motion for summary judgment. Now, after waiting two months after the Supreme Court's decision, Sun Life has brought a motion for summary judgment that does not make any real new factual arguments and, instead, continues to rely heavily on the machine-or-transformation test to support its position. Any further stay offers no benefit to the efficient resolution of this litigation and, instead, only further delays Bancorp the relief to which it is entitled for Sun Life's infringement.[1]

## Conclusion

For all the foregoing reasons, Bancorp respectfully requests that the Court deny Sun Life's motion to stay.

---

[1] Sun Life's argument that Bancorp has not acted with urgency in prosecuting this case is belied by the paper trail of on-going meet and confer negotiations wherein Bancorp has repeatedly sought to force Sun Life to adhere to the Court's deadlines and its discovery obligations while at the same time reasonably accommodating Sun Life's many requests for continuances and extensions of time. (*See, e.g.*, Docket No. 284 at 2-3 & Ex. A).

DATED: August 30, 2010

/s/ David A. Perlson

Charles K. Verhoeven
David A. Perlson
Ian S. Shelton
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Charles A. Weiss, #4674
Douglas W. King, #3558
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

COUNSEL FOR PLAINTIFF
BANCORP SERVICES, L.L.C.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Aaron W. Moore, Esq.
Matthew B. Lowrie, Esq.
Kevin M. Littman, Esq.
Thomas A. Durphy, Esq.
Alan C. Kohn, Esq.

                                              /s/ David A. Perlson
                                              David A. Perlson