UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BANCORP SERVICES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:00-CV-1073 (CEJ) |
| | ) | |
| SUN LIFE ASSURANCE COMPANY | ) | |
| OF CANADA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Bancorp Services, LLC, to reconsider the February 14, 2011 order granting Sun Life's motion for summary judgment of invalidity.

Under Federal Rule of Civil Procedure 54(b), an interlocutory order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and responsibilities." Fed.R.Civ.P. 54(b). Rule 54(b) "governs reconsideration of orders that do not constitute final judgments in a case." Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Summary judgment motions are interlocutory in nature, and may be reconsidered and revised up until the time a final judgment is entered. See Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006) (finding court has authority to reconsider summary judgment order).

District courts have considerable discretion in deciding whether to reconsider an interlocutory order under 54(b). Id. "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting

than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b). Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinois, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004). A court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008). "A motion to reconsider under Rule 54(b), however, may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'" Id. at 854-55.

In its order granting summary judgment, the Court determined that Bancorp's patents were invalid under 35 U.S.C. § 101. Bancorp argues that the Court misapplied the patentability criteria set forth by the Federal Circuit in Research Corp. Technologies, Inc. v. Microsoft Corp., 627 F.3d 859 (Fed. Cir. 2010). After careful review of the parties' legal memoranda and the applicable law, the Court concludes that Bancorp has failed to establish that the Court committed any clearly or manifestly erroneous findings of fact or conclusions of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Bancorp Services, LLC for reconsideration [Doc. #398] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2011.